**James F. SCHAFER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83–1244–CV–W–3.**

United States District Court, W.D. Missouri, W.D.

March 19, 1984.

Hugh H. Ryan, Independence, Mo., for plaintiff.

Judith Strong, Kansas City, Mo., for defendant.

**ORDER**

ELMO B. HUNTER, Senior District Judge.

The Secretary moves the Court to remand the action to her. She informs the Court that the purpose of the remand is to await the completion of the transcribing of the oral hearing, and she cites section 205(g) of the Social Security Act in support.

Section 205(g) gives the Court authority, upon motion of the Secretary and for good cause shown, to remand to the Secretary for further action by the Secretary. Although Congress intended for procedural difficulties such as a lost hearing tape or an inaudible tape to be good cause for remanding, the Court does not believe that Congress intended to go as far as the Secretary now presses. The Court finds that remanding merely to await the completion of the transcript of the hearing does not constitute good cause. The remand sought here is not for the purpose of reconstructing a record, there is no indication that the record must be redone.

The Court does not understand why the Secretary would pursue a remand under these circumstances. The Court certainly hopes this motion is not an attempt by the Secretary to avoid complying with this Court's Order of February 17, 1984. In that Order the Court reluctantly granted the Secretary an additional thirty (30) days to produce a record and respond to the complaint. In the Order the Court made clear that no additional extensions of time would be granted barring the most unforeseen circumstances. This Court has repeatedly expressed its concern over the routine nature of the extensions sought by the Secretary for producing a transcript and responding to a complaint. *See Spencer v. Heckler*, No. 83–1114, Order of February 7, 1984.

Although the Court notes that the Secretary has contracted with an outside transcriber to complete the record in this case, hopefully in an attempt to provide the record in a more timely fashion, the Court can not continue to sanction the delays of the Secretary. The Court has previously mentioned its consideration of requiring the payment of interim benefits during delays caused by the Secretary. The Court

believes that interim benefits are appropriate in this case. By the time the Secretary is required to begin paying interim benefits she will have had 120 days in which to respond to the complaint and to produce a record. The burden of any further delay should fall on the Secretary. The typical plaintiffs in these actions are at the bottom of the economic structure. The present plaintiff filed and was granted leave to proceed in forma pauperis. Not only are the plaintiffs typically without even minimum resources but the nature of the action is such that they can not readily obtain additional resources through the work place. The bottom line issue in these cases is whether the plaintiff can perform work that would provide him with a livelihood. When the issue is this basic and the Secretary, the party with the economic advantage, continually delays in providing the Court with the record necessary for resolving the issue it is only right that the burden of any further delays should be placed on the Secretary. Furthermore, at some point the Secretary must either respond to the complaint, as is required of any defendant, or face being found in default. The Court does not consider this sanction lightly, but recognizes that the excessive delays, if continued would leave the Court with no other recourse, absent the most unusual circumstances.

Accordingly, the Court

ORDERS the motion of the Secretary for a remand be and is hereby denied. The Court further

ORDERS the Secretary to produce the record and to respond to the complaint on or before April 6, 1984, or to begin making interim payments to the plaintiff on that date. The Court finally

ORDERS the Secretary to produce the record and respond to the complaint no later than sixty (60) days from the date of this Order or the Court will entertain a motion to find the Secretary in default and award benefits to the plaintiff, barring the most unusual circumstances or explanation.